**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 23, 2018**

# In the Court of Appeals of Georgia

A17A1519. IN THE INTEREST OF K. G., A CHILD.

MCFADDEN, Presiding Judge.

In *In the Interest of K. G.*, 343 Ga. App. 345 (807 SE2d 70) (2017), the mother of K. G. appealed the juvenile court order granting a petition for permanent guardianship of the child. We affirmed the order. Id. Now, the child's attorney-guardian ad litem appeals on behalf of the child. She argues that the juvenile court erred by granting the petition because the court failed to adequately accommodate the mother's disability, a hearing impairment, but the record does not support her argument. She argues that the juvenile court erred by finding that the appointment of a permanent guardian is in K. G.'s best interests, but clear and convincing evidence supports that finding. So we affirm.

1. *Failure to accommodate the mother's hearing impairment*.

The child's attorney-guardian ad litem argues that the juvenile court erred in granting the permanent guardianship because the court failed to adequately accommodate the mother's disability when it denied a motion for continuance and when it modified the mother's case plan. Neither example demonstrates that the juvenile court failed to accommodate the mother's disability.

At each hearing that occurred after the guardianship petition was filed, two American Sign Language interpreters were present for the mother's benefit. See OCGA § 24-6-654 (a). At a July 22, 2016, hearing (at which two interpreters were present) the mother's counsel moved for a continuance on the ground that she and the mother had only had an hour to discuss the case with an interpreter present. The attorney had been appointed almost two months before as substitute counsel for the mother's previous attorney.

The attorney for the permanent guardian opposed the motion for a continuance on the ground that the case had been pending for more than two years and the child still lacked permanency. The juvenile court denied the motion for a continuance, noting that the court would hear one and one-half hours of testimony that day and that the case would resume four days later. The court told the mother's attorney that the

court "will afford you whatever opportunity you need between now and then for the interpreter services. All you have to do is ask."

"We will not disturb a juvenile court's denial of a motion for continuance absent abuse of discretion." *In the Interest of K.A.P.*, 277 Ga. App. 794, 798 (2) (627 SE2d 857) (2006) (citation omitted). Under the circumstances here, K. G.'s attorney-guardian ad litem has not shown that the trial court abused her discretion in refusing to continue the hearing. Nor has she shown how the court's exercise of discretion failed to accommodate the mother's disability.

To the extent K. G.'s attorney-guardian ad litem argues that the mother's rights were violated by a modification of the case plan, the argument fails. As we noted in our prior opinion, nothing in the record demonstrates that the mother — or anyone else — objected to the modification of the case plan. *In the Interest of K. G.*, 343 Ga. App. at 350 (2) (b). See also *In the Interest of D. E.*, 269 Ga. App. 753, 756 (2) (605 SE2d 394) (2004) (objection to reunification plan not raised in the juvenile court was waived).

2. *K. G.'s best interests*.

K. G.'s attorney-guardian ad litem argues that the juvenile court erred by finding that the appointment of a permanent guardian was in K. G.'s best interests. In relevant part, OCGA § 15-11-240 (a) provides:

> the juvenile court shall be vested with jurisdiction to appoint a permanent guardian for a child adjudicated as a dependent child in accordance with this article. Prior to the entry of such an order, the court shall: (1) Find that reasonable efforts to reunify such child with his or her parents would be detrimental to such child or find that the living parents of such child have consented to the permanent guardianship; (2) Find that termination of parental rights and adoption is not in the best interests of such child; (3) Find that the proposed permanent guardian can provide a safe and permanent home for such child; [and] (4) Find that the appointment of a permanent guardian for such child is in the best interests of such child and that the individual chosen as such child's permanent guardian is the individual most appropriate to be such child's permanent guardian taking into consideration the best interests of the child. . . .

K. G.'s attorney-guardian ad litem argues that the trial court erred in finding that the appointment of a permanent guardian was in K. G.'s best interest because there is a bond between her and her mother; the mother is capable of meeting her needs; the mother completed her case plan goals; the mother was having regular unsupervised overnight visits with K. G.; and the mother was attending medical appointments.

But evidence supported the juvenile court's finding. As we observed in *In the Interest of K. G.*, 343 Ga. App. at 349-350 (2) (b), the evidence showed that the mother had *not* completed her case plan and it supported the juvenile court's conclusion "that K. G. had experienced chronic neglect [and] that the mother lacks the necessary skills to be able to meet the child's severe needs and the ability to ensure that K. G. receives the essential services to which she is entitled." Id. at 350 (2) (b). Further, the child's guardian ad litem (as opposed to the appellant here, the child's attorney-guardian ad litem) testified that permanent guardianship is in the child's best interest. Id. at 349 (2) (b).

"In the appellate review of a bench trial, a trial court's factual findings must not be set aside unless they are clearly erroneous. Rather, due deference must be given to the trial court, acknowledging that it has the opportunity to judge the credibility of the witnesses." *Strickland v. Strickland*, 298 Ga. 630, 633-634 (1) (783 SE2d 606) (2016) (citations omitted). After giving the juvenile court's findings of fact the required deference, we find that the court was authorized to conclude that the permanent guardian had demonstrated by clear and convincing evidence that the appointment of a permanent guardian would be in K. G.'s best interest. See generally id. at 635 (2).

*Judgment affirmed. Branch and Bethel, JJ., concur.*